No. 28,740.

THE FIDELITY STATE AND SAVINGS BANK, *Appellee*, v. THE FARMERS STATE BANK OF ALICEVILLE, *Appellant*.

(281 Pac. 854.)

Opinion filed November 9, 1929.

*W. L. Huggins, O. T. Atherton,* both of Emporia, and *Joe Rolston,* of Burlington, for the appellant.

*Gilbert H. Frith, C. V. Beck,* both of Emporia, and *S. M. Brewster,* of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a certificate of deposit issued by the Farmers State Bank of Aliceville. The defense was that the instrument had been procured by fraud and misrepresentation of which the plaintiff had notice; also, that the certificate was indorsed without authority. The burden of proof was on the defendant. At the conclusion of its testimony the court directed a verdict for the plaintiff, and the defendant appeals.

The facts were substantially these: The plaintiff was a state bank doing business at Emporia. W. W. Finney was its president. The defendant was a state bank doing business at Aliceville, in

Coffey county. G. W. Berry was its cashier and managing officer. The certificate of deposit in question was issued by the Aliceville bank to the *Four Counties Newspaper* and was negotiated to the Farmers State Bank of Neosho Falls, and by it to the plaintiff. W. W. Finney was also president of the Neosho Falls bank and his son Ronald was the cashier. The *Four Counties Newspaper* began operation in May, 1927, as a weekly. W. C. Champe became its editor. At the outset the printing was done at the plant of Chas. F. Scott, of Iola. Later a press costing $6,700 was purchased and the paper was printed by W. F. Hattan, at his plant at Neosho Falls. Ronald Finney, cashier of the Farmers State Bank of Neosho Falls, was interested. Application for a charter for the Four Counties Paper Publishing and Printing Company was granted August 2, 1927. A short time before this (in June) one P. G. Bodley was employed to sell stock in the newspaper company on a commission. Bodley and Berry, cashier of the defendant bank, agreed that Berry should furnish a list of prospects to whom stock might be sold and to purchase from Bodley any notes taken in payment of stock in the paper company at a five per cent discount, provided Berry approved the notes, and issue certificates of deposit therefor which should not be presented for payment until the note for which a certificate of deposit had been issued was paid. In the process of their dealing a note signed by one Hogeboode was given, for which the certificate of deposit in question was issued.

The defendant contends that all the notes so handled were worthless; that all, including the Hogeboode note, were in one or the other of the two banks in which the Finneys were interested, and because of their being worthless the banks desired to get rid of them.

The question presented is whether there was any substantial evidence bringing home to the plaintiff bank or its officers knowledge of infirmities in the Hogeboode note, or that the certificate of deposit issued in exchange therefor was procured from the defendant by misrepresentation or fraud.

There was evidence that Bodley sold stock for which he took notes; that he sold the notes to Berry, taking certificates of deposit less the five per cent discount in payment therefor; that he had a conversation with Ronald Finney, cashier of the Neosho Falls bank, and W. W. Finney, president of the Emporia bank, in July, 1927, in which he told them of his arrangement with Berry; that at that time there was in the Neosho Falls bank a note for $1,700 signed by one

D. L. Henry, and another note for $2,250, signed by William Ward, in the Emporia bank, which the two banks desired to dispose of. Bodley thought that he could procure from Berry certificates of deposit in exchange for the Ward and Henry notes, providing Berry was given a statement that the certificates of deposit would not be cashed until these two notes were paid. Bodley testified that W. W. Finney said that was agreeable to them and that he would stand back of these two notes. Bodley later sold these two notes, together with other notes, to Berry by taking certificates of deposit in payment therefor. But it appears that the certificate of deposit involved in this action was given for the note signed by Hogeboode, which was never in either of the banks and concerning which it appears Bodley had had no conversation with W. W. Finney, the president, or with any other officer of the plaintiff bank.

We think the evidence is clear that the Henry and Ward notes were the only two discussed with W. W. Finney or any other officer of the plaintiff bank; that the certificate of deposit involved here was not given for either, but was given for the Hogeboode note; that the Hogeboode note was never owned or held by either the Neosho Falls bank or the Emporia bank; that neither Ronald Finney nor W. W. Finney, nor any officer of either the Neosho Falls bank or the Emporia bank, ever discussed with Berry, the cashier of the defendant bank, either the Hogeboode note for which the certificate of deposit in this action was issued, the Henry note, the Ward note or any other note.

There was no evidence that W. W. Finney or any other officer of the plaintiff bank had any knowledge that Bodley had given the defendant bank any statement concerning the Hogeboode note, and without some substantial evidence that the plaintiff or its officers had knowledge of the alleged fraud or misrepresentation as set out above the plaintiff was not liable.

Other questions argued in the briefs are encompassed in what has already been said and need no discussion.

The judgment is affirmed.

HARVEY, J., concurs in the result.